■ HAROLD J. BERBEN, Appellant, v. NEW YORK CENTRAL RAILROAD, Respondent.— Appeal from a judgment of the Supreme Court, Trial Term, Albany County, entered upon a verdict of no cause of action, and from an order of said court which denied plaintiff's motion to set aside the verdict and for a

new trial. Plaintiff, while in the employ of a construction company, was standing upon the brake platform of a hopper car from which sand was being unloaded, when the car was struck by another hopper car which plaintiff's coemployee Noonan was moving down grade by gravity. At the time, the cars were in the exclusive control of the construction company and the sidetrack upon which they were placed had been leased to that company by the defendant railroad. Plaintiff sues to recover for personal injuries caused by the collision. The complaint charges negligence on the part of the railroad company predicated on the allegedly defective condition of the braking apparatus of the moving car. There was no direct proof of any defective condition. There was, on the contrary, proof that the car remained in service for some months after the accident without incident or any indication, during that period or upon a subsequent check in the shop, of any defect or condition affecting the efficiency of the braking mechanism. Further, the jury was not bound to find that plaintiff had sustained the burden of proving that his somewhat inexperienced coemployee operated the brake with due care in the normal manner. (See *Myers* v. *Reading Co., infra.*) The court correctly charged the elements necessary to a recovery for negligence and properly charged the Safety Appliance Act (U. S. Code, tit. 45, § 11) as to "efficient hand brakes", stating that plaintiff could recover upon showing that a failure to equip the car with efficient hand brakes was the proximate cause of his injuries; and, further, that the inefficiency of the brakes might "be established by showing a failure of the brakes to function when operated with due care in a normal, natural and usual manner." The instruction quoted is in the language of *Myers* v. *Reading Co.* (331 U. S. 477, 483). We find no error in the court's refusal, "except as I have charged", of plaintiff's broad request to charge "on the subject of negligence under the Common Law." The proof offered no possible basis for recovery except upon a finding (under the liberal test above quoted or otherwise) of some defect in the brakes and this alone would entitle plaintiff to recovery under the Safety Appliance Act without proof of the additional factors necessary to prove common-law negligence. For the same reasons, plaintiff was in no way harmed by the court's refusal of a request to charge section 392 of the Restatement of the Law of Torts relating to the liability of suppliers of chattels. Plaintiff's attorney excepted to, and questioned the accuracy of the court's references to Noonan's testimony as to his manipulation of the brake and counsel then recited at some length his version of the testimony which he then requested the court to charge. We believe it was proper for the court to refuse this greatly detailed request, at the same time repeating its previous instruction that the jurors' recollection must govern, and that if any of the court's statements were not in accord with their recollection, they must reject them and rely upon their own recollection. We find no error in the court's refusal to charge, except as already charged, that if the defendant violated the Safety Appliance Act its negligence was "absolute". It is true that defendant's duty was absolute, and assuming the accuracy of counsel's like characterization of the supposed negligence, we consider nevertheless that to instruct the jury in the language requested would neither aid them nor add anything to an already adequate charge. We find in the rulings upon evidence no errors of sufficient substance to have prejudiced any of the plaintiff's rights or such as to have affected the result. Judgment and order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.